UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA L. BUSTER FALLER, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security, <br> Defendant. | Case No. ED CV 17-01488-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Pamela L. Buster Faller ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. PROCEEDINGS BELOW

On March 28, 2013, Plaintiff applied for a period of disability and DIB alleging disability beginning August 15, 2012. (Administrative Record ("AR") 167, 179.) Her application was denied initially on September 9, 2014, and upon reconsideration on February 11, 2014. (AR 194, 201.) Plaintiff filed a written

request for hearing, and a hearing was held on November 23, 2015. (AR 127, 207.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 129-66.) On February 5, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from August 15, 2012 through the date of decision. (AR 113.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on July 26, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 2012, the alleged onset date ("AOD"). (AR 103.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis; degenerative disc disease of the lumbar spine and cervical pain; lumbar radiculopathy; lumbar strain; and spondylosis. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 106.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform medium work . . . except the claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently; she can frequently climb ramps and stairs; she can occasionally climb ladders, ropes, and scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; she can push and pull frequently with the bilateral upper extremities; she can stand and walk for 6 hours in an 8-hour workday with normal breaks; she can sit for 6 hours in an 8-hour workday with

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

normal breaks; and she should avoid concentrated exposure to uneven terrain and hazards such as unprotected heights.

(*Id.*) At **step four**, the ALJ found that Plaintiff was capable of performing past relevant work as a small parts assembler, caregiver companion, and cafeteria worker, and thus the ALJ did not continue to step five. (AR 111.) Accordingly, the ALJ determined that Plaintiff had not been under a disability from the AOD through the date of decision. (AR 113.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's

conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

IV. **DISCUSSION**

Plaintiff raises the following issues for review: (1) whether the ALJ properly considered the findings of Plaintiff's examining physician; and (2) whether substantial evidence supports the ALJ's decision in light of new evidence submitted to the Appeals Council. (Joint Submission ("JS") 4.) For the reasons below, the Court affirms.

> A. **The ALJ Did Not Err In Relying Upon The Findings And Opinion Of Dr. Vicente Bernabe, D.O.**

Dr. Bernabe reviewed Plaintiff's January 2011 x-ray report and conducted a complete orthopedic consultation in August 2013. (AR 557-61.) Dr. Bernabe's examination of Plaintiff's lumbar spine revealed no abnormal curvature, masses, scars, or scoliosis. (AR 559.) Dr. Bernabe noted tenderness at the lumbosacral region and paravertebral muscle spasm on the left. (*Id.*) Plaintiff's sciatic notches and gluteal muscles were not tender. (*Id.*) Plaintiff had flexion of 40 degrees, extension of 10 degrees, side bending of 10 degrees to the left and right, and rotation of 40 degrees to the left and right. (*Id.*) Dr. Bernabe also noted Plaintiff's positive straight leg raising on the left leg from a supine position at 60 degrees and from a seated position at 80 degrees. (*Id.*) Dr. Bernabe diagnosed Plaintiff with degenerative disc disease of the lumbar spine, lumbar radiculopathy, and lumbar musculoligamentous strain. (AR 560.) Among other functional limitations, Dr. Bernabe assessed that Plaintiff was able to bend, crouch, stoop, and crawl frequently. (AR 561.) Two state agency medical consultants reviewed Dr.

///

Bernabe's report and agreed with his assessment of Plaintiff's abilities and limitations. (*See* AR 172, 175, 186, 189.)

Plaintiff contends that Dr. Bernabe's findings and opinion are inconsistent with the requirements of the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations ("SCO"). (*See* JS 6.) Plaintiff notes that those publications describe "stooping" as "[b]ending body downward and forward by bending spine at the waist, requiring full use of the lower extremities and back muscles." SCO, Appendix C, page C-3 (1993). Plaintiff contends that Dr. Bernabe and the reviewing medical consultants did not find that Plaintiff could *fully* bend and stoop, noting that Plaintiff has less than half of the normal forward flexion of the lumbar spine. (JS 6.) Plaintiff therefore argues that any assessment of Plaintiff's abilities and limitations must consider or reject that finding. (*Id.*)

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ gave "significant weight" to Dr. Bernabe's opinion and the medical consultants' opinions, finding them to be "generally consistent," reasonable, and supported by the record. (AR 110.) As Dr. Bernabe personally examined Plaintiff, his opinion may constitute substantial evidence of Plaintiff's abilities. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("[The examining physician]'s opinion alone constitutes substantial evidence, because it rests on his own independent examination of [the claimant].").

///

Even if Dr. Bernabe's objective findings regarding Plaintiff's forward flexion are inconsistent with an ability to frequently bend and stoop, any error would be harmless. The ALJ found that Plaintiff could perform her past work as a small parts assembler, caregiver companion, and cafeteria worker "as actually performed by the claimant and as generally performed in the regional and national economy." (AR 111.) Two of these occupations identify climbing, balancing, stooping, kneeling, crouching, and crawling as "Not Present – Activity or condition does not exist." *See* DICOT 706.684-022, 1991 WL 679050 (assembler, small products I); DICOT 309.677-010, 1991 WL 672667 (companion). Because Plaintiff could still perform two of the identified occupations regardless of her ability to bend and stoop, the ALJ's adoption of Dr. Bernabe's opinion was harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (an ALJ's error is harmless if it is inconsequential to the ultimate nondisability determination).

### B. The ALJ's Decision Is Supported By Substantial Evidence Despite New Evidence Submitted To The Appeals Council

After the ALJ's unfavorable decision on February 5, 2016, Plaintiff submitted additional medical evidence to the Appeals Council. (*See* AR 8-11, 13-26, 34-92, 121-26.) These records are dated February 26, 2016 through August 8, 2016. (*See id.*; AR 2.)

The Appeals Council must consider new evidence that postdates the ALJ's decision if the evidence relates to the period before the ALJ's decision. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011) (citing 20 C.F.R. § 404.970(b)); *see also Whipple v. Berryhill*, No. 1:16-CV-01254-JLT, 2018 WL 1517319, at *7 (E.D. Cal. Mar. 28, 2018) (observing that the Appeals Council did not reject a medical opinion that indicated that the plaintiff had limitations before the ALJ's decision, even though the opinion postdated the ALJ's decision). When the Appeals Council considers new evidence in denying review of the ALJ's decision, this Court considers on appeal both the ALJ's decision and the additional

material submitted to the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]e have routinely considered evidence submitted for the first time to the Appeals Council to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence.").

In denying review, the Appeals Council noted that all new evidence was dated after the ALJ's decision and "does not relate to the period at issue." (AR 2.) Accordingly, the Appeals Council determined that the additional evidence did not affect the decision about whether Plaintiff was disabled on or before February 5, 2016. (*Id.*) The Court agrees.

Most of Plaintiff's additional evidence is in the form of test results and objective medical findings that show Plaintiff's condition as of the date of examination. (*See, e.g.*, AR 10 (MRI of lumbar spine on August 8, 2016); AR 15-17 (x-rays of cervical and lumbar spine on June 20, 2016); AR 83 (physical examination and review of past MRI on May 2, 2016); AR 89 (MRI of cervical spine on April 6, 2016).)

Similarly, the functional assessments do not appear to relate to Plaintiff's abilities and limitations during the relevant time period. Dr. I.A. Jercinovich completed a Physical RFC Questionnaire on May 2, 2016, noting that he had seen Plaintiff on two occasions. (AR 24-25.) Treatment records show that these visits were on March 23, 2016, for an initial evaluation and on May 2, 2016, to review Plaintiff's MRI and x-rays. (AR 83-86.) Dr. Jercinovich therefore had no direct knowledge of Plaintiff's condition or limitations during the relevant time period, and he did not opine that any limitations may have predated his evaluation of Plaintiff. Although Dr. Roland A. Gaskins stated that he had seen Plaintiff every two to three months for the past nine years, his May 24, 2016 assessment did not indicate how long Plaintiff had the described limitations and did not state whether his findings related back to the period before the ALJ's decision. (AR 18-19.)

Because Plaintiff's additional evidence does not address Plaintiff's condition during the relevant time period, the ALJ's decision continues to be supported by substantial evidence.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 20, 2018

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**